# UNITED STATES DISTRICT COURT
for the
Western District of Washington

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. MJ17-258
)
Sprint Cellular Telephone 530-828-2580 )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Sprint Cellular Telephone 530-828-2580, as more particularly described in Attachment A

located in the _____Western_____ District of _____Washington_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841, 843(b) and 846 | Conspiracy to Distribute Controlled Substances; Possession of Controlled Substances with Intent to Distribute, and Use of a Communications Facility to distribute Controlled Substances |

The application is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.
☑ Delayed notice of __90__ days (give exact ending date if more than 30 days: __09/18/2017__ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

DEA Agent Terris D. Farabee
Printed name and title

Sworn to before me and signed in my presence.

Date: June 19, 2017

_____
Judge's signature

City and state: Seattle, Washington     U.S. Magistrate Judge Mary Alice Theiler
Printed name and title

# AFFIDAVIT

County of King            )
                          )    § §
State of Washington       )

The undersigned complainant being duly sworn states:

1. I am a Special Agent of the Drug Enforcement Administration, and have been so employed since June 2004. I have a Bachelor of Arts degree in Criminal Justice, attended the West Virginia State Police Academy, and was employed as a police officer with the City of Wheeling, West Virginia from 1996 to 2004. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7). In that capacity, I investigate violations of the Controlled Substances Act, Title 21, United States Code, Section 841, et seq.

2. I am currently assigned to the Seattle Field Division. I have completed sixteen (16) weeks of DEA Basic Agent training at the DEA Academy in Quantico, Virginia. I have received training in law enforcement and investigation of the Controlled Substances Act. I have participated in narcotics investigations, service of search warrants, arrests, and seizures relating to the manufacture, distribution, and transportation of the controlled substances and offenses related to controlled substances violations such as money laundering, which have resulted in the arrest of individuals and the seizure of illicit narcotics and/or related evidence and the forfeiture of narcotics related assets. I have participated in debriefing of defendants, witnesses, and informants, during which time I have discussed with them their methods of drug smuggling, distribution, packaging, trafficking, avoiding law enforcement, and laundering proceeds, among other concerns related to drug trafficking. I have encountered and have become familiar with various tools, methods, trends, paraphernalia and related articles used by various traffickers in their efforts to import, conceal and distribute controlled substances. I am also familiar with the manner in which drug traffickers use telephones, often cellular

AFFIDAVIT OF TERRIS FARABEE- 1
USAO 2017R00672

UNITED STATES ATTORNEY
700 STEWART STREET, 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

telephones, to conduct their unlawful operations, and how they code their conversations to disguise their unlawful activities.

3. I was trained in undercover drug investigations for the purpose of safely conducting undercover operations and the procedures for the collection of evidence in an undercover investigation. I have participated in investigations involving organizations trafficking in controlled substances, including marijuana, cocaine, heroin, MDMA and methamphetamine, which have resulted I arrests of drug traffickers and seizures of controlled substances and currency. I have been involved in multiple long term investigations that have utilized wiretaps as part of the investigation. Those previous Title III investigations have resulted in multiple federal indictments and arrests.

## PURPOSE OF THIS AFFIDAVIT

4. This affidavit is submitted in support of a search warrant allowing law enforcement to use a special investigative technique (sometimes referred to as a "cell site simulator") to more accurately track a cellular telephone assigned the number 530-828-2580. This phone, the subject cellular phone, appears to be used in the trafficking of narcotics.

5. The facts in this affidavit come from my personal observations, my training and experience, and particularly from information obtained from other agents as attributed. Not every fact known in this investigation has been included but, rather, I have set forth the facts that I believe are necessary for a fair determination of probable cause.

## APPLICABLE LAW

6. Title 21, United States Code, Section 841 provides for criminal penalties for the distribution of, and possession with intent to distribute, controlled substances. Title 21, United States Code, Section 846 provides for criminal penalties for those who conspire to commit these acts. In addition, Title 21, United States Code, Section 843(b)

AFFIDAVIT OF TERRIS FARABEE- 2
USAO 2017R00672

UNITED STATES ATTORNEY
700 STEWART STREET, 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

makes it a felony offense to use a communications facility (including cellular telephones) to facilitate a controlled substance offense.

## PROBABLE CAUSE

7. I have spoken with SA David Bedford, assigned to the Lima (Peru) DEA Office, who has told me that Peruvian authorities are actively conducting a wiretap investigation into a cocaine drug trafficking organization based in Peru. During the last year and as a result of this investigation, Peruvian authorities have seized approximately 850 kilograms of cocaine. SA Bedford indicates that Peruvian authorities had intercepted several telephone calls between two known cocaine traffickers. The true identity of these subjects is unknown however they are identified by the nicknames of "MOCHO" and "RAFA." These names have been established through prior telephone intercepts between the targets and additional target subjects connected to prior cocaine seizures.

8. On June 1, 2017, a telephone call was intercepted between MOCHO and RAFA. During this conversation, RAFA asked MOCHO, "How is it arriving, in a liquid?" (referring to a shipment of cocaine). MOCHO responded, "Yes." RAFA and MOCHO conversed about the pending narcotics transaction, with MOCHO asking if the "gift" (payment for the narcotics) would be cash. RAFA responded by saying, "Yes."

9. On June 3, 2017, a telephone call was intercepted between MOCHO and RAFA. During this call MOCHO asked RAFA where "it" (the cocaine shipment) was in California. RAFA said that at he did not know exactly where in California. MOCHO said that "he" (the customer receiving the cocaine) needed the information quickly.

10. During the intercepted call, RAFA could be heard speaking on a second telephone in the background with another unidentified subject by the name "BLANQUITO." RAFA asked BLANQUITO where "it" (the shipment of cocaine) was, then RAFA said "City Will?" possibly referring to Wilmington, California. RAFA returned to the conversation with MOCHO and told MOCHO that he (RAFA) would get an address soon. MOCHO asked if they (RAFA's associates) had a telephone there (in

AFFIDAVIT OF TERRIS FARABEE- 3
USAO 2017R00672

UNITED STATES ATTORNEY
700 STEWART STREET, 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  the United States). RAFA replied that they did and that they would pass the telephone
2  number to MOCHO soon.
3      11.    On June 9, 2017, Peruvian authorities intercepted another telephone call
4  between RAFA and MOCHO during which RAFA provided MOCHO with a telephone
5  number of 530-828-2580 (Subject Telephone) and said, "This is the number of the person
6  who is in California and this is the one who would have the drugs."
7      12.    On June 9, 2017, DEA Los Angeles Task Force Officer Christopher Lam
8  obtained a State search warrant requiring that Sprint provide records, including GPS
9  Precision Location Information, of subject cellular phone 530-828-2580. Upon receiving
10 the GPS data from Sprint, investigators learned subject cellular phone 530-828-2580 was
11 physically located in Snohomish County, Washington.
12     13.    On June 11, 2017, DEA Seattle SA Dan Mancano was contacted by DEA
13 SA David Bedford with the DEA Lima, Peru Country Office. SA Mancano was provided
14 with the GPS location data for the potential location of subject cellular phone 530-828-
15 2580. The GPS data showed the phone "pinging" in a neighborhood in the Everett area
16 east of the mall and sometimes in a neighborhood located in the City of Snohomish. SA
17 Mancano traveled to those two neighborhoods in an attempt to possibly locate/identify
18 the user of subject cellular phone 530-828-2580. Unfortunately the GPS data received
19 from Sprint for subject cellular phone 530-828-2580 has a wide margin of error which
20 ranges between 641 meters and 1557 meters. Investigators are unable to determine a
21 precise location or a residence for the user of subject cellular phone 530-828-2580.
22     14.    On June 12, 2017, SA Mancano consulted with me since I am assigned to
23 the Snohomish Regional Drug and Gang Task Force. I have been in contact with SA
24 Bedford and have been receiving the GPS data for subject cellular phone 530-828-2580.
25 I monitored the GPS data which shows that the subject cellular phone does not appear to
26 travel or move around, other than bouncing between the Everett neighborhood and the
27 City of Snohomish neighborhood.
28

AFFIDAVIT OF TERRIS FARABEE- 4
USAO 2017R00672

UNITED STATES ATTORNEY
700 STEWART STREET, 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

15. I also learned that during an intercepted call a second telephone number was given to the person to receive the narcotics. That information was given to the DEA office in Los Angeles where law enforcement obtained a Court Order for GPS data for that phone. That phone was located in the Orlando (Florida) area, Orlando DEA agents were able to conduct surveillance, and were able to identify a target.

16. On June 14, 2017, Orlando DEA agents conducted a knock-and-talk with the target, believing s/he may have somehow acquired the narcotics. The person, hereinafter identified as the CS, agreed to cooperate with law enforcement. The CS told the DEA agents that s/he was supposed to fly to Seattle to meet a man, known as "John," and take delivery of the narcotics but the CS did not have enough money for the plane ticket. The CS, in cooperation with and under the supervision of DEA SA Mike Franklin, placed a recorded call to subject cellular phone 530-828-2580. SA Franklin told me the man who answered the call to subject cellular phone 530-828-2580 was English speaking which made communication with the CS difficult as the CS is a Spanish speaker with limited English. The CS said s/he has not previously met "John."

17. Since gaining the CS's cooperation, SA Franklin and the CS will fly to Seattle the week of June 19, 2017 to meet with "John," user of subject cellular phone 530-828-2580, in order to acquire the narcotics. The CS will be monitored continuously during the meeting and s/he will relinquish custody of the narcotics to DEA agents.

## EXECUTION OF WARRANT

18. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular telephone's unique identifiers.

AFFIDAVIT OF TERRIS FARABEE- 5
USAO 2017R00672

UNITED STATES ATTORNEY
700 STEWART STREET, 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the cellular device or receiving signals from nearby cellular devices, including the subject cellular telephone. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the cellular telephone and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the subject cellular telephone and use that information to determine the subject cellular telephone's location, even if it is located inside a house, apartment, or other building.

20. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the subject cellular telephone, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the cellular telephone, and law enforcement will limit collection of information from devices other than the subject cellular telephone. To the extent that any information from a cellular device other than the subject cellular telephone is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the subject cellular telephone from all other cellular devices.

21. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the subject cellular telephone outside of daytime hours.

AFFIDAVIT OF TERRIS FARABEE- 6
USAO 2017R00672

UNITED STATES ATTORNEY
700 STEWART STREET, 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

22. Based on the foregoing, there is probable cause to believe that the subject cellular telephone is being used to conduct drug trafficking. Accordingly, there is probable cause to believe that using a cell-site simulator to more precisely track the subject cellular telephone will reveal evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841, 843(b) and 846, as well as the location of "John."

## REQUEST FOR SEALING AND DELAYED NOTICE

23. Investigators intend on identifying "John" and his residence but the investigation will continue. Premature disclosure of the existence of this search warrant, as well as the above described new investigation will almost certainly yield adverse consequences. Accordingly, I respectfully request that this affidavit, the Application and Warrant be sealed until further Order of this Court.

24. I also request that notice required by Fed. R. Crim. P. 41(f) be delayed for at least 90 days. If necessary, I may request that the Court, upon a showing of good cause, order a further adjournment of the time permitted to serve notice, if necessary to protect the safety of any individual, avoid flight or destruction of evidence, and ensure that the investigation is not jeopardized prior to its completion.

*[signature]*
TERRIS D. FARABEE
Special Agent
Drug Enforcement Administration

SUBSCRIBED AND SWORN before me this 19 day of June, 2017.

*[signature]*
MARY ALICE THEILER
U.S. Magistrate Judge

AFFIDAVIT OF TERRIS FARABEE- 7
USAO 2017R00672

UNITED STATES ATTORNEY
700 STEWART STREET, 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number 530-828-2580 which wireless service is provided by Sprint.

AFFIDAVIT OF TERRIS FARABEE- 9
USAO 2017R00672

UNITED STATES ATTORNEY
700 STEWART STREET, 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT B

Pursuant to an investigation of continuing suspected violations of 21 USC §§ 841(a)(1), 846 and 843(b), this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and
2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

AFFIDAVIT OF TERRIS FARABEE- 10
USAO 2017R00672

UNITED STATES ATTORNEY
700 STEWART STREET, 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970